TOMPKINS SQUARE NEIGHBORS, INC., Appellant, v. RAMON ZARAGOZA et al., Respondents.— Order, Appellate Term, Supreme Court, First Department, entered on March 1, 1973, modifying a final judgment of the Civil Court, New York County, dismissing the petition herein, to the extent of dismissing said petition without prejudice to renewal upon proof that a hearing had been held by petitioner-landlord, reversed, on the law and on the facts, without costs and without disbursements, the judgment vacated, and judgment granted to petitioner awarding it possession of the subject premises. This court is unanimous in its view that the hearing held in the Civil Court, contrary to the view taken by the Appellate Term, was, in all respects, sufficient to protect the rights of these tenants. Based upon the facts produced thereat, the majority of this court is of the view that the petitioner is entitled to a judgment awarding it possession of the subject premises. The facts in the record clearly demonstrate that petitioner "has not acted arbitrarily or capriciously". (*Matter of Fuller* v. *Urstadt*, 28 N Y 2d 315, 318.) The record supports a finding of undesirability, entitling petitioner to the relief sought. It shows that respondents' son, 17 years of age, on at least three occasions, removed the catch from the front door to the landlord's premises, enabling anyone to enter without using a key or the intercom system, that he struck a former employee of petitioner with a black belt, bearing a large buckle, that he on occasion dumped garbage cans in said employee's presence, that said employee several times found the boy in the incinerator room, that, on several occasions, the boy was observed throwing rocks from an elevated plaza on to cars exiting from the garage below, that he was seen throwing eggs and bottles from the window of his parents' apartment, that he struck another of petitioner's employees in the face and attempted to also hit him with a belt, with a heavy buckle, and the record also contains evidence of indecent proposals and advances made by the boy to women tenants and more. The unfortunate fact that respondents' son is mentally retarded does not render the above "isolated instances of objectionable conduct", as held by the Civil Court. Rather, the fact adduced fully support the action taken by the landlord with an obvious view towards the welfare of its other tenants. Concur — Markewich, J. P., Kupferman, Lane and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: I see no justification whatsoever to disturb the findings of the able and experienced Trial Judge. Petitioner-landlord seeks to evict, as undesirable, the respondents, its tenants in a government-aided residential project. In a scholarly, detailed opinion reviewing the proof and finding facts on controverted matters, the Judge concluded after trial that the evidence offered by the landlord did not support a finding of undesirability and dismissed the landlord's petition. The Appellate Term modified the resulting judgment so as to dismiss the petition but without prejudice to a renewal upon proof that a hearing has been held by the landlord on stated charges on notice to the tenants prior to the determination not to renew the lease. I agree with the Trial Judge that when taken as a whole, the conduct of the tenants' mentally retarded son does not justify eviction. This family and their unfortunate son must live somewhere. We may have the right to choose our neighborhood and our neighbors but not by evicting someone we dislike, and especially in

a government-aided housing accommodation. In stating that the record supports a finding of undesirability entitling the landlord to evict the Zaragoza family, my brethren are substituting their conclusions for those of the trier of the facts. The various acts of misconduct relied upon by the majority were alleged by the landlord but denied by the tenants. The Trial Judge credited the denials. The majority, without benefit of having heard the witnesses, of having observed their demeanor and deprived of all the other well-known tools of the trier of the issues in testing credibility, is exercising the naked power vested in this court and evicting this family from an apartment occupied by them for many years. And in so doing they not only unjustifiably reverse the trial court, but the unanimous decision of the Appellate Term as well. I would reverse the order entered in the Appellate Term and reinstate Judge Picariello's judgment dismissing the petition on the merits. [73 Misc 2d 126.]