OPINION OF THE COURT

Per Curiam.

Final judgment entered November 21, 1978 (Pellegrino, J.) is reversed, with $30 costs; final judgment of possession is awarded in favor of the tenant.
Appeal from the order entered January 31, 1979 is dismissed as moot.
The subject premises constructed in 1976, with government subsidy pursuant to section 236 of the National Housing Act (US Code, tit 12, § 1715z-l), are subject to neither rent control (City Rent and Rehabilitation Law, § Y51-3.0, subd e, par 2, cl [h]) nor rent stabilization (City Rent Stabilization Law, § YY51-3.0, subd a, par [1]; subds b, c, as amd in 1974 by L 1974, ch 576, § 4). Nonetheless a tenant of these premises "may be evicted only for 'good cause’ and is entitled to the protection of procedural due process in the determination of whether cause exists” (Joy v Daniels, 479 F2d 1236, 1239 [emphasis added]; Anderson v Denny, 365 F Supp 1254, 1260; Lopez v Henry Phipps Plaza South, 498 F2d 937, 943). Where the State and Federal Governments participate jointly in affording housing to the poor, the project is no longer "so 'purely private’ as to fall without the scope of the Fourteenth Amendment.” (Matter of Fuller v Urstadt, 28 NY2d 315, 318.) Eviction under these circumstances requires a cause other than mere expiration of the lease (Joy v Daniels, supra, p 1241). The tenant is entitled to notice of the alleged causes for eviction, witness confrontation, counsel and a decision only after evidence adduced at a hearing.
There need, however, be no hearing other than that afforded by normal judicial process. The relationship of landlord and tenant is traditionally dealt with in the State courts and where basic due process requisites are complied with, no prior administrative hearing need be held (Brightwater Towers v *333 Brooks, NYLJ, Aug. 28, 1975, p 6, col 6; Matter of Sherman v Kopach, 75 Misc 2d 18; Joy v Daniels, supra, p 1243; Tompkins Sq. Neighbors v Zaragoza, 43 AD2d 551).
The landlord’s petition is fatally defective when viewed in the light of the foregoing, since the sole gravamen of the petition is that the tenant’s lease had expired. Landlord’s belated effort, without prior notice to the tenant, to introduce evidence of presumably objectionable conduct on the respondent’s part, was properly rejected by the court below. The mere allegation of the petition that the tenant had held over did not satisfy the requisites of due process.
Concur: Dudley, P. J., Hughes and Tierney, JJ.