157 West 123rd St. Tenants Assn., Appellant, v Eartha Hickson, Respondent, et al., Respondents.

Supreme Court, Appellate Term, First Department, March 15, 1989

## APPEARANCES OF COUNSEL

*James Briscoe West* for appellant. *Ishmael Lahab* and *Fern Fisher-Brandveen* for respondent.

## OPINION OF THE COURT

Per Curiam.

Order entered August 3, 1988 affirmed, with $10 costs.

Tenant resides in an in rem building operated by petitioner

tenants association under the City of New York's Tenant Interim Lease (TIL) program. The city is the owner of the building and supervises petitioner's management during petitioner's interim lease with the city. In this holdover proceeding, petitioner served a notice of termination specifying no reason for termination of the tenant's month-to-month tenancy other than expiration of the term. Civil Court held that the notice was ineffective on due process grounds as a predicate for an eviction proceeding, and granted tenant's application for dismissal.

We affirm. As a general rule, where the State (or city) " 'has so far insinuated itself into a position of interdependence' with a [housing] program or project, the program or project 'cannot be considered to have been so "purely private" as to fall without the scope of the Fourteenth Amendment' " *(Matter of Fuller v Urstadt,* 28 NY2d 315, 318). While the TIL program is transitory in nature, the city oversees petitioner's activities and operation, monitors its building management skills, sets initial rents and approves subsequent rent increases, and must approve the commencement of holdover proceedings. Thus, the city is so "entwined" with the conduct of the program as to constitute significant and meaningful governmental participation, triggering constitutional due process guarantees *(see generally, Sharrock v Dell Buick-Cadillac,* 45 NY2d 152, 158). One of those guarantees is that a tenant is entitled to notice of the alleged cause for eviction and procedural due process in the determination of whether cause exists. "Eviction * * * requires a cause other than mere expiration of the lease" *(Hudsonview Terrace v Maury,* 100 Misc 2d 331, 332 [App Term, 1st Dept]). Since petitioner did not allege any cause for removal of the tenant, the petition was properly dismissed.

OSTRAU, P. J., PARNESS and MILLER, JJ., concur.