OPINION OF THE COURT
Fern Fisher-Brandveen, J.
Respondent’s motion to vacate stipulations herein is granted.
This is a nonpayment summary proceeding in which the petition alleges the monthly rent is $450 per month. The respondent appeared pro se and signed two stipulations agreeing to pay rent at $450 per month. Both stipulations provided that the petitioner make various repairs.
Respondent now moves by order to show cause to vacate the stipulations herein, stating she was not aware of various defenses when she signed the stipulations. The respondent is now represented by the Legal Aid Society which raises on her *679 behalf the defense of breach of warranty of habitability and improper rental amount. The respondent alleges the petitioner or the New York City Department of Housing Preservation and Development (DHPD) failed to assist her in obtaining section 8 benefits as required by the Rules and Regulations for Rent Increases to Tenants in Occupancy in Division of Alternative Management Programs (DAMP regulations). The DAMP regulations are applicable to all buildings owned by the City of New York and managed by nonprofit organizations, tenant associations or private entities such as the petitioner.
Respondent’s defenses, in particular, the defense of improper rental amount appear viable from a reading of all the papers submitted and the applicable DAMP regulations. The petitioner’s affidavit in opposition does not allege any facts which show compliance by the petitioner or DHPD with specifically section 7 of the DAMP regulations. Moreover, petitioner’s allegation that the respondent is not eligible for section 8 benefits is a triable issue of fact.
Since the establishment of the proper monthly rental amount goes to the essence of the rent demanded in a nonpayment proceeding, the respondent must be allowed to assert her defense of improper rental amount.
The subject building is owned by the City of New York and merely managed by the petitioner. The city as a landlord and the petitioner as the city’s managing agent are bound by the provisions of the New York Constitution. (157 W. 123rd St. Tenants Assn. v Hickson, 142 Misc 2d 984.) Pursuant to article XVII of the NY Constitution, the City of New York is obligated to provide assistance to the needy, including the provision of shelter. (McCain v Koch, 117 AD2d 198.) The alleged failure by DHPD and the petitioner to follow the DAMP regulations would be tantamount to a denial of due process if the respondent were to be rendered homeless due to an improper denial of an affordable monthly rent that the DAMP regulations were apparently designed to insure. This court will not deny a party the ability to be heard in the face of a clear question of denial of due process. Therefore, the stipulations are vacated, and the respondent will be allowed to assert her defenses at trial.
The petitioner’s papers state the rent is set at fair market value, and the respondent’s rent has not been restructured; therefore, it is not obligated to offer section 8 benefits. The *680 petitioner’s papers imply section 8 benefits only have to be offered when rents are restructured. First, section 1 (e) and section 7 of the DAMP regulations place the obligation for providing assistance to tenants in securing section 8 benefits and for processing section 8 applications on the DHPD DAMP rental assistance unit and not the DAMP manager. Therefore, the petitioner’s opposition papers fail to dispose of the issue at hand since the papers fail to indicate what DHPD has done with respect to the respondent’s possible entitlement to a rent subsidy. Second, the petitioner seems to imply that the respondent would be entitled to assistance in applying for rent subsidies only when the rent is restructured. However, a plain reading of the DAMP regulations indicates section 1 (e) and section 7 impose on the DHPD the obligation to assist all tenants in applying for rental assistance programs during the entire period of a building’s participation in a DAMP program. The regulations do not limit DHPD’s obligation to assist or the tenant’s right to apply for rental assistance to only when the rent is restructured. It is noted that the petitioner may be correct to the extent that the setting of the rent at fair market value is permitted under the regulations depending on whether the respondent moved into the apartment after the building had already entered the DAMP program. Section 1 (a) of the DAMP regulations provides that the initial rent-setting process delineated in section 3 does not apply to apartments which are vacant at the time a building enters the DAMP program or become vacant during the building’s participation in the DAMP program. The petitioner, therefore, may have been free to set the rent at the fair market value. The issue at hand, however, is what portion of the monthly rent the respondent should properly pay based on her eligibility for rental assistance.
Stipulations signed by pro se tenants should be vacated when there exists proof that the stipulation was inadvisedly and improvidently entered into. (See, High v Randall, NYLJ, Jan. 8, 1980, at 11, col 4; Matter of Frutiger, 29 NY2d 143 [1971]; Katz v Rosario, NYLJ, June 24, 1987, at 12, col 6.) Moreover, where pro se tenants have entered into stipulations which severely prejudice their rights when they have defenses that could defeat the action, the appellate courts of New York have ruled that such stipulations should be vacated. (See, McAvoy v Chaplin, NYLJ, July 15, 1983, at 13, col 2 [App Term, 2d Dept].)
Finally, the court questions whether the petitioner has *681 standing pursuant to RPAPL 721 (10) to maintain the instant summary proceeding since it appears to be a manager rather than a net lessee. Both parties are requested to be prepared to address this issue at a pretrial conference of this case on June 30, 1989, at 9:30 a.m.