*841 OPINION OF THE COURT
Pam B. Jackman-Brown, J.
Facts
Petitioner is a not-for-profit housing development fund corporation (HDFC). It commenced these holdover proceedings to recover possession of four floors located at 42 West 19th Street, New York, New York on the grounds that they are occupied pursuant to month-to-month tenancies which were terminated by service of 30-day notices to terminate. The respondent interposed answers in which the fourth affirmative defense asserted that the notice of termination is defective for failure to set forth a basis for termination. The fifth affirmative defense asserted that petitioner had failed to exhaust its. administrative remedies. The proceedings were consolidated on consent. Respondent now moves for partial summary judgment dismissing the petition based on her fourth and fifth affirmative defenses.
Discussion
Respondent relies on the holding in 512 E. 11th St. HDFC v Grimmet (181 AD2d 488 [1st Dept 1992]) in support of her motion to dismiss. In Grimmet, the respondent occupied the premises under the New York City Tenants Interim Lease (TIL) program. The building was rehabilitated and converted to a not-for-profit housing cooperative. Respondent elected not to purchase his apartment and the landlord sought to evict him based on the termination of his month-to-month tenancy. The Civil Court dismissed the petition on the grounds that the respondent was rent stabilized and thus could only be terminated pursuant to Rent Stabilization Code (9 NYCRR) § 2524.3. The Appellate Term reversed, holding that the building, as a not-for-profit housing cooperative corporation organized under General Business Law § 352-eeee and Private Housing Finance Law article XI, was exempted from Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-504 (a). The Appellate Division agreed that the building was exempted but reversed on the grounds that the government was “sufficiently entwined” with the premises so as to trigger constitutional due process protections requiring notice of the reasons for an eviction. (512 E. 11th St. HDFC v Grimmet, supra at 489.) The Court specifically noted that the stated purpose of the HDFC was to develop low-income housing. It also reasoned that since the city imposed restrictions on the use, sale and transfer of shares of the housing project and retained a right of reversion in the event the co *842 operative failed to abide by the terms and conditions placed upon the building and its use, “[e] victim . . . requires a cause other than mere expiration of the lease.” (Id., quoting Hudson-view Terrace v Maury, 100 Misc 2d 331, 332 [App Term, 1st Dept 1979].) Since petitioner failed to set forth a cause for respondent’s removal beyond termination of his month-to-month tenancy, the petition was dismissed.
In the instant case the government is sufficiently entwined with 42 West 19th Street to require petitioner to state a cause of action. The petitioner HDFC is a participant in the Neighborhood Homes (NH) program. Like the TIL program, the NH program falls under the aegis of the New York City Department of Housing Preservation and Development’s (HPD) Division of Alternative Management Programs (DAMP). DAMP’s stated goal is to improve living conditions for tenants in city-owned buildings by returning the housing stock to responsible taxpaying owners. (28 RCNY 21-22 [a].) The TIL program sets out to redevelop neighborhoods by permitting tenant associations to manage and rehabilitate their city-owned apartments, convert them to low-income cooperatives and purchase them at below market value. During this process, HPD oversees the renovation and day-to-day management of the premises, retains responsibility for the major systems, sets initial rents and approves increases, insures that the rent collected is used for routine repairs and maintenance and must approve the commencement of holdover proceedings.
The City of New York is also significantly involved in the NH program. HPD selects community-based nonprofit organizations, known as sponsors, to participate in this program. These sponsors compete for the right to purchase occupied one- to four-family city-owned buildings for one dollar for the express purpose of rehabilitation and resale to owner-occupants. Construction costs are financed through loans from private lenders and subsidies from HPD. Tax exemptions are provided by the City pursuant to section 696 of the General Municipal Law and all renovations are overseen by HPD. Like their TIL counterparts, HDFCs in the NH program help foster private home ownership of once dilapidated city-owned buildings. However, they are not private actors. They act as agents of the City of New York and are subject to stringent HPD regulations designed to insure that the governmental concern of providing affordable housing to its citizenry is met. When rehabilitation is completed, these sponsors do not have the right to rehabilitate *843 and transfer title as they see fit. At least 90% of these homes must be sold to purchasers with annual household incomes that do not exceed 165% of the area median. No more than 10% may be sold to individuals with higher incomes with HPD approval. The City of New York clearly has vested in the administration and the success of its Neighborhood Homes program.
Based on the corelationship of the HDFC and the involvement of HPD, the court finds that the criteria set forth in the Grimmet case also apply in each of these cases. Therefore, respondent is entitled to constitutional due process rights of a proper termination notice with stated facts. The service of a notice of termination without the requisite basis for termination is defective.
Accordingly, respondent’s motion to dismiss the petition for failure to state a cause of action, beyond mere termination of her month-to-month tenancy, is granted. The court shall not reach that branch of respondent’s motion based on petitioner’s failure to exhaust its administrative remedies.