OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and petition dismissed.
Landlord Volunteers of America-Greater New York, Inc. operates the city-owned building in which tenant resides pursuant to a contract with the City of New York Department of Homeless Services (DHS). The contract requires landlord to operate the building as a single room occupancy (SRO) facility to provide SRO housing and support services to 174 homeless adults referred to landlord from DHS’ homeless system. The contract prescribes in detail such things as the makeup of the tenant population (the building should include “53 persons with a history of mental disorder”), the services and minimum furnishings which are to be provided, the utilization rate requirements, landlord’s monthly reporting requirements and how the rent is to be set and paid. The contract also specifically provides that landlord “is responsible for using, and renewing annually, the DHS approved tenant lease, which describes the terms of the tenancy.”
Tenant, who has “a history of mental disorder,” has resided in the building for eight years. Landlord commenced this proceeding, asserting in the petition that tenant entered into possession pursuant to an oral agreement and remained in possession, after that agreement’s expiration, as a month-to-month tenant. The petition does not allege the existence of the govern *59 ing contract or a cause for the eviction other than the termination of the month-to-month tenancy. Tenant’s attorney was not aware of the contract’s existence until this litigation was well under way, and, upon learning thereof, objected to the sufficiency of the petition. After a default final judgment was vacated (on the ground that it was entered while tenant did not have a guardian ad litem) and a trial held, the housing court awarded landlord a final judgment, ruling, among other things, that the petition was not inadequate. We disagree, reverse the final judgment, and dismiss the petition.
RPAPL 741 (4) requires that the petition state the facts upon which the summary proceeding is based. Where, as here, the tenancy is subject to a specific form of regulation, albeit in the form of a government contract, the petition must set forth the regulatory status of the premises, because this status may determine the scope of the rights of the parties (see 433 W Assoc. v Murdock, 216 AD2d 360 [2000]; 17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d & 11th Jud Dists 2002]; 90 NY Jur 2d, Real Property — Possessory Actions § 181). Indeed, as set forth below, in this case, the governing contract is determinative of the parties’ rights. Thus, it was incumbent upon landlord to allege that the tenancy was subject to the contract between landlord and DHS. In view of landlord’s failure to do so and tenant’s timely objection to the failure, the petition should have been dismissed.
Dismissal of the petition is also required because landlord failed to allege a cause for removal other than the expiration of the tenancy. As can be seen from the terms of the governing contract set forth above, the City owns and closely regulates the operation of the building. Thus, the City is “entwined” with the building’s operation (512 E. 11th St. HDFC v Grimmet, 181 AD2d 488, 489 [1992]). In these circumstances, eviction requires a cause other than mere expiration of the tenancy, and this cause must be pleaded in the petition (id.; 157 W. 123rd St. Tenants Assn. v Hickson, 142 Misc 2d 984 [App Term, 1st Dept 1989]; Hudsonview Terrace v Maury, 100 Misc 2d 331, 332 [App Term, 1st Dept 1979] [“Eviction . . . requires a cause other than mere expiration of the lease”]).
On this appeal, tenant also asks this court to review the propriety of the housing court’s pretrial order denying tenant’s application for sanctions, which application was based on landlord’s alleged failure to apprise the housing court of tenant’s mental disorder prior to entry of the default final judgment. *60 However, this order was not separately appealed. Since the order does not necessarily affect the final judgment, it is not brought up for review on tenant’s appeal from the final judgment (CPLR 5501 [a] [1]; cf. Peters v Berkeley, 219 App Div 261, 265-266 [1927]).
Pesce, RJ., and Rios, J., concur; Golia, J., taking no part.