582 Gates, LLC, Respondent,
against
Hillary Farmer, Jr., Appellant, "XYZ CORP.," "John Doe" and "Jane Doe," Undertenants. 




Alter & Barbaro, Esq. (Steven V. Barbaro of counsel), for appellant.
Mizrahi Law Office, LLC (Robert N. Mizrahi of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered February 28, 2018. The final judgment, after a nonjury trial, awarded possession to petitioner in a summary proceeding purportedly brought pursuant to the Real Property Actions and Proceedings Law.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition. 
In this summary proceeding, the petition alleges that the proceeding is brought pursuant to "RPAPL and other applicable law." Annexed to the petition is a notice to quit that had been served on Hillary Farmer, Jr. (occupant) which states that occupant had "obtained possession of the subject premises by virtue of being the prior owner." Occupant defended on the grounds that the termination notice and petition did not properly set forth the facts upon which the proceeding is based. After a nonjury trial, the Civil Court awarded petitioner a final judgment of possession, and occupant now appeals. 
RPAPL 741 provides that a petition must state, among other things, the facts upon which the proceeding is based (see Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 65 AD3d 1155 [2009], affg 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Giannini v Stuart, 6 AD2d 418 [1958]; Cintron v Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Here, petitioner failed to allege sufficient [*2]facts to unambiguously apprise occupant and the court of the grounds upon which petitioner was purportedly proceeding. The petition and the notice to quit merely allege that occupant was a "prior owner," which in conjunction with petitioner's failure to specify a particular section of RPAPL, fails to sufficiently allege a ground upon which the proceeding may be maintained. 
Accordingly, the final judgment is reversed and the matter remitted to the Civil Court for the entry of a final judgment dismissing the petition. 
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019