Elliot v Mears (2024 NY Slip Op 51180(U))

[*1]

Elliot v Mears

2024 NY Slip Op 51180(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-296 S C

Bryn Elliot and Giuseppe Graziano, Respondents,
against
Sean Mears, "John Doe" and "Jane Doe," Appellants. 

Alter & Barbaro (Bernard M. Alter of counsel), for appellants.
Borah, Goldstien, Altschuler, Schwartz & Nahins (Paul N. Gruber of counsel), for respondents.

Appeal from a final judgment of the District Court of Suffolk County, Sixth District (James F. Matthews, J.), entered February 27, 2023. The final judgment, after a nonjury trial, awarded landlord possession in a summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a final judgment dismissing the petition.
In this summary proceeding, the petition alleges that petitioners are the current owners of the premises, that the respondents are currently occupying the premises, and that occupants failed to vacate the premises despite being served with a 60-day notice to vacate. The 60-day notice attached to the petition states that petitioners purchased the subject property, referencing an enclosed "certified deed showing such." The attached deed is a special warranty deed from Real Estate Growth Fund, LLC, to petitioners. Occupants defended on the grounds that the petition and supporting documents did not properly set forth the facts upon which the proceeding is based (see RPAPL 741). After a nonjury trial, the District Court awarded petitioners a final judgment of possession.
While the petition does not refer to any RPAPL provision or ground upon which this proceeding is based, petitioners take the position on appeal that occupants were aware that "this was a proceeding under RPAPL 713 (5)." That subsection provides that a summary proceeding may be brought against an occupant where "the property has been sold in foreclosure and either the deed delivered pursuant to such sale, or a copy of such deed, certified as provided in the civil practice law and rules, has been exhibited to [the respondent]."
RPAPL 741 provides that a petition must state, among other things, the facts upon which the proceeding is based (see Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 65 AD3d 1155 [2009], affg 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Giannini v Stuart, 6 AD2d 418 [1958]; Cintron v Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). 
Here, neither the petition nor the predicate notice allege that, for example, the subject property was sold in foreclosure; moreover, the deed petitioners attached to the predicate notice and entered into evidence at trial is not a referee's deed obtained after a foreclosure sale. Instead, it is deed from an LLC to petitioners. Thus, the petition and supporting documents fail to state sufficient facts upon which an RPAPL 713 (5) proceeding, or indeed any summary proceeding, could be based. Further, petitioners' argument on appeal that the pleadings should be conformed to the proof at trial must fail because they did not demonstrate that they are the holders of a deed delivered pursuant to a foreclosure sale. To the extent they may have purchased the property from such a deed holder, "a purchaser from a purchaser in foreclosure [ ] lacks standing to maintain such a proceeding" (Sequoia Partners, LLC v Ali, 67 Misc 3d 133[A], 2020 NY Slip Op 50493[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Accordingly, the final judgment is reversed and the matter is remitted to the District Court for the entry of a final judgment dismissing the petition.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur. 

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024