**Morningside Life Residence LP v Goode**

2025 NY Slip Op 30015(U)

January 2, 2025

Civil Court of the City of New York, New York County

Docket Number: Index No. 321613/23

Judge: Yekaterina Blinova

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART C
-----------------------------------------------------------------------X

MORNINGSIDE LIFE RESIDENCE LP,                             Index No. 321613/23

                                        Petitioner,        **DECISION/ORDER**

                -against-
                                                          Mot. Seq. 01

HOPE GOODE,
"JOHN DOE,"
"JANE DOE,"

                                        Respondents.
-----------------------------------------------------------------------X
HON. YEKATERINA BLINOVA, JHC

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss the proceeding pursuant to CPLR § 3211(a)(7).

NYSCEF Doc Nos.:   7 - 25

        Petitioner commenced this summary holdover proceeding, alleging that the apartment is not subject to Rent Stabilization or Rent Control because the premises are a subsidized multifamily housing project regulated by the U.S. Department of Housing Urban Development.  Respondent appeared by counsel, and moved for an order dismissing the proceeding pursuant to CPLR § 3211 (a) (7) and RSC (9 NYCRR) § 2524.2 alleging that petition fails to state a cause of action as it does not accurately plead the regulatory status of the subject premises.  Specifically, respondent argues that contrary to paragraph 6 of the petition, the apartment is in fact subject to rent stabilization, and was registered as such with DHCR most recently for the year 2021.  Petitioner acknowledges that the most recent tenant of record, Lester Holiday held a rent stabilized lease, but argues that because the apartment is subject to HUD regulations, the petition's pleading was a sufficient description of the apartment's regulatory status.

[* 1]

Pursuant to RPAPL §741 a petition in a summary eviction proceeding must state the interest petitioner's interest in the subject premises. Where the tenancy is subject to a specific form of regulation, such regulatory status must be described in the petition as it determines the scope of the parties' rights in the proceeding (*Volunteers of America-Greater N.Y., Inc. v. Almonte*, 17 Misc. 3d 57 [App Term 2d Dept 2007] *aff'd Matter of Volunteers of America-Greater N.Y., Inc. v. Almonte*, 65 A.D.3d 1155 [2d Dept 2009]. Courts repeatedly found petitions which plead rent-stabilized status of the premises, but omit additional applicable regulatory schemes to be in violation of RPAPL §741 (*Jasper, L.P. v Davis*, 63 Misc. 3d 1209(A) [Civ Ct Bx Cty 2019]; *Westchester Gardens, L.P. v. Lanclos*, 43 Misc. 3d 681, 682 [Civ Ct Bx Cty 2014]; *Dewitt Luxury Home Inc. v. Lewis*, 84 Misc. 3d 1225(A) [Civ Ct, Kings Cty 2024]). Similarly, this principle applies here where the converse is true, as petitioner pleaded that the apartment is subject to HUD regulations but omitted its rent stabilized status, in fact specifically stating that the apartment is *not* subject to rent stabilization. The Court further notes that no motions have been made to amend the petition and the description of the premises' regulatory status therein.

Based on the foregoing, respondent's motion is granted, and the petition is dismissed without prejudice. This constitutes the decision and order of the court.

Dated: New York, New York
January 2, 2025

YEKATERINA BLINOVA
JUDGE, HOUSING COURT
Yekaterina Blinova, Judge
Civil Court, Housing Part

[* 2]

2 of 2