162-68 Lenox Ave. Hous. Dev. Fund Corp. v Stovall (2025 NY Slip Op 50062(U))

[*1]

162-68 Lenox Ave. Hous. Dev. Fund Corp. v Stovall

2025 NY Slip Op 50062(U)

Decided on January 22, 2025

Civil Court Of The City Of New York, New York County

Meyers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 22, 2025
Civil Court of the City of New York, New York County

162-68 Lenox Avenue Housing Development Fund Corp., Petitioner,

against
Felicia Stovall, "John Doe" and "Jane Doe," Respondents.

Index No. LT-316220-24/NY

Adam Leitman Bailey, P.C. (Dov A. Treiman, Esq., Andrew D. Cassady, Esq.) for Petitioner
Paul, Weiss, Rifkind, Wharton & Garrison LLP (Natalie Marie Pita, Esq., Steven Banks, Esq., Eric E. Stern, Esq.) for Respondent Felicia Stovall

Adam R. Meyers, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of the motion:
Papers            NYSCEF Doc. Nos.
Notice of Motion (Seq. 1) and supporting papers 1, 5, 6-9
Affirmation in Opposition and supporting papers 13-15
Affirmation in Reply and supporting papers 16-17
Upon the foregoing cited papers, the court's decision and order is as follows:
Introduction
Respondent Felicia Stovall—a tenant of an HDFC cooperative—seeks summary judgment and dismissal of the proceeding on two grounds. First, she argues that the Petitioner is so entwined with the state and local governments as to be subject to constitutional due process obligations otherwise applicable only to state actors. Because due process requires that these "entwined" landlords commence eviction proceedings only after terminating a tenancy with cause, she argues that dismissal is required insofar as neither the notice of non-renewal nor the [*2]petition alleged any cause for her eviction. Secondly, she seeks dismissal on the basis of her affirmative defense of retaliation under RPL § 223-b.
After reviewing the papers submitted and argument on the record, the court agrees with Respondent that Petitioner was sufficiently entwined with the government as to be subject to the due process obligations applicable to many HDFC cooperatives, and that Petitioner's failure to allege any cause requires dismissal of the proceeding. Insofar as this argument is dispositive, the court does not reach Respondent's allegations of retaliation.
Factual and Procedural Background
Petitioner is a Housing Development Fund Company incorporated under Article 11 of the Private Housing Finance Law and owner of 162-68 Lenox Avenue, New York, NY (the Building). The Building contains approximately 30 residential units, six of which are occupied by cooperative shareholders and 24 of which have been rented by Petitioner to tenants (see Affirmation of Voyka Soto, NYSCEF Doc. No. 17, at ¶ 8). As of April 2024, Respondent Felicia Stovall was residing as a tenant at the Building.
Petitioner purports to have served upon Respondent a notice of non-renewal and termination on April 30 and May 1, 2024 (see NYSCEF Doc. No. 1 at p. 10). This notice stated that Respondent's tenancy would be terminated as of August 31, 2024, and asserted no reason for the non-renewal (id.).
Petitioner commenced this proceeding on September 12, 2024, alleging in the petition no specific or general cause for Respondent's eviction other than her failure to remove herself from the Premises following expiration of the notice of non-renewal. Issue was joined with the filing on Respondent's answer on October 10, 2024 [FN1]
. Among the defenses articulated in Respondent's answer was a defense alleging the notice of non-renewal to have been defective insofar as it failed to assert any cause for the termination of Respondent's tenancy (see Answer, NYSCEF Doc. No. 5 at ¶¶ 16-20).
Analysis
Summary judgment is properly awarded only where the movant produces sufficient evidence to establish the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). A movant's failure to make this showing requires denial of the motion (Winegrad v New York University Medical Center, 64 NY2d 851, 853 [1985]). Where the movant's showing is made, the burden shifts to the opponent to establish by sufficient proof the existence of a material factual issue necessitating trial (Zuckerman v City of NY, 49 NY2d 557, 562 [1980]). The court's role with in reviewing a motion for summary judgment is one of issue finding rather than issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]).
Here, Respondent's motion for summary judgment relies on two propositions: 1) that [*3]Petitioner is sufficiently entwined with the government to trigger constitutional due process obligations otherwise applicable only to governmental actors; and 2) that these due process obligations include the requirement that good cause for termination of tenancy be asserted in the petition and the notice of non-renewal or termination.
HDFC cooperatives are exempt from most forms of rent regulation on the basis both of their cooperative structure and their status as non-profit housing providers (546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 11 [1st Dept 2007]). But because HDFCs are often—if not always—incorporated to facilitate private participation in governmental efforts to create and preserve affordable housing, the governmental involvement in their operations can subject them to constitutional due process obligations (512 E. 11th St. HDFC v Grimmet, 181 AD2d 488, 489 [1st Dept 1992]). Where the State enters a position of interdependence with respect to a project, the project "cannot be considered to have been so purely private as to fall without the scope of the Fourteenth Amendment" (Fuller v Urstadt, 28 NY2d 315, 318 [1971] [noting provision of housing for persons with low income to be a state concern], quoting Burton v Wilmington Parking Auth., 365 US 715, 725 [1961]).
In Grimmet, the First Department found an HDFC cooperative to be sufficiently entwined with the government for due process protections to apply where the HDFC's certificate of incorporation stated its purpose as "exclusively for the . . . development of a housing project for persons of low income," imposed restrictions on transfers of shares of the housing project, limited the HDFC's ability to sell or dispose of the property without HPD's approval, and required approval by the City before an eviction could proceed (181 AD2d at 489).
Here, Petitioner's certificate of incorporation includes substantially similar provisions. Article II provides that the HDFC was "organized exclusively for the purpose of developing a housing project . . . for persons of low income" (see Certificate of Incorporation, NYSCEF Doc No. 8 at p. 1). Article X limits the use, sale, transfer, assignment and exchange of cooperative shares to provide that the HDFC's housing is limited to the use of "persons or families who earn no more than 165% of . . . median income (id. at p. 3). Article XII provides that the HDFC cannot be dissolved without the consent of HPD's commissioner (id.). Article XV provides that the certificate of incorporation "may not be altered or amended without the written consent of HPD" (id. at p. 4). Under Section 573 of the Private Housing Finance Law, no certificate of incorporation for an HDFC like Petitioner can be filed by the Secretary of State absent explicit governmental approval (PHFL § 573[5]).
While the terms of the certificate of incorporation here do not establish all of the elements noted by the Grimmet court—there appears to be no requirement for governmental approval of evictions, for example—this court nevertheless concludes that these provisions establish that the government was sufficiently entwined with the HDFC's operations (see 330 South Third St., HDFC v Bitar, 28 Misc 3d 51, 54 [App Term, 2d Dept 2010] [finding sufficient entwinement despite no requirement of governmental approval of evictions where landlord's "very purpose is to meet the governmental concern of housing the poor"]). Where the state has specifically defined an HDFC's corporate purpose to address its own policy objectives, narrowly restricted the class of potential owners and beneficiaries, and limited the HDFC's ability to change or dissolve itself without governmental approval, these actions would seem to constitute "significant and meaningful government participation" sufficient to trigger constitutional due process protections (see Matter of Volunteers of America-Greater NY, Inc. v Almonte, 65 AD3d 1155, 1157-58 [2d Dept 2009]).
In opposition, Petitioner argues that governmental involvement in its operations have never been so substantial as to impose due process obligations. Annexing a purported offering plan from the cooperative conversion in 1998 (NYSCEF Doc. No. 14), it acknowledged having been subject to certain City-imposed restrictions but argued that since these restrictions were to last only 25 years from the conversion, they had expired before the commencement of this proceeding. Petitioner denies having ever executed a regulatory agreement with the City of New York and argues in the alternative that even if it had the agreement would have expired on the same 25-year timeline. Petitioner asserts that there was no governmental involvement in setting the rents, influencing the budget or operations of the HDFC, or deciding questions of rental and eviction.
But the governmental involvement reflected in the certificate of incorporation alone satisfies the court that the State was sufficiently entwined with the HDFC's operations as a matter of law, and no evidence has been offered creating any question of whether this document was inauthentic. While the State may not have directed Petitioner to rent to or evict specific individuals, the offering plan and certificate of incorporation reflect that rental and sales policies capping the incomes of potential occupants were established for the HDFC pursuant to governmental policy. Therefore, the court concludes that the Petitioner was sufficiently entwined to trigger due process protections.
We now turn to the question of what these constitutional protections require. Where constitutional due process protections apply, a tenant is entitled to notice of the cause alleged by a petitioner as the basis for their eviction (157 West 123rd Street Tenants Assoc. v Hickson, 142 Misc 2d 984, 985 [App Term, 1st Dept 1989] [finding due process protections to apply in a building operated under the Tenant Interim Lease program], citing Hudsonview Terrace, Inc. v Maury, 100 Misc 2d 331, 332 [App Term, 1st Dept 1979]). This cause must be alleged in the petition (see RPAPL § 741[4]) and included in any statutorily required notice informing a tenant of the termination of their tenancy (see, e.g., 206 W. 121st St. HDFC v Jones, 53 Misc 3d 149[A] [App Term, 1st Dept 2016] [where no notice of termination was otherwise required, assertion of cause in petition passes constitutional muster]; 157 W. 123rd St. Tenants Assoc. v Hickson, 142 Misc 2d 984, 985 [App Term, 1st Dept 1989] [cause must be alleged in notice of termination]; 330 South Third St., HDFC v Bitar, 28 Misc 3d 51, 52 [App Term, 2d Dept 2010] [cause must be alleged in notice of termination]; 50 West 112th Street HDFC v Ali, 12 Misc 3d 1237[A], *3 [Civ Ct, NY Cnty 2006] [cause must be alleged in notice of termination]). In bringing the instant proceeding, Petitioner was required to serve a prerequisite notice of non-renewal under RPL §§ 232-a and 226-c. It was therefore obligated to articulate in that notice the cause justifying the termination of Respondent's tenancy.
In this case, neither the notice of non-renewal nor the petition itself alleges any cause for Respondent's eviction (see Petition, NYSCEF Doc. No. 1 at pp. 1-3, 10). Material defects in prerequisite notices are incapable of amendment (Chinatown Apartments, Inc. v Chu Cho Lam, 51 NY2d 786, 787 [1980]). Additionally, while a petition may be amendable under CPLR § 3025, the Petitioner here has not moved for amendment of its pleadings.
Petitioner disputes the notion that it was required to articulate cause for eviction in its petition and prerequisite notice but nevertheless asserts that it had good cause insofar as the HDFC's finances and a recent mortgage executed by Petitioner effectively require it to generate additional income by evicting tenants and selling the vacant units to new cooperative shareholders. But even assuming—without finding—that the financial need of the HDFC for [*4]income from the sale of cooperative units constitutes sufficient cause for Respondent's eviction, it cannot escape the requirement of due process that notice be provided in the commencing documents (see, e.g., Hickson, 142 Misc 2d at 985). Because no cause was alleged in the petition or notice of non-renewal, the proceeding must be dismissed.
In addition, authority cited by Respondent provides that an HDFC cooperative commencing a summary eviction proceeding must at minimum disclose its status as an HDFC cooperative in its petition (952 St. Marks Ave. HDFC v White, 66 Misc 3d 35, 37 [App Term, 2d Dept 2019]). In White, the court reasoned that—given the extensive case law on the issue of governmental entwinement and the requirement of RPAPL § 741 that a petition articulate the facts upon which the proceeding is based—it was "at the very least incumbent upon [the petitioner] to set forth in the petition the facts surrounding its status as an HDFC so that the court and tenant would be on notice of whether landlord needed to have complied with the good cause requirements" (id.). Here, the petition—aside from its articulation of Petitioner's corporate name in the caption—makes no mention of Petitioner's status as an HDFC cooperative or the facts surrounding the government's role in its operations. Thus, even if there were some question of whether the government was sufficiently involved to trigger due process protections, dismissal would still be required under RPAPL § 741.
Conclusion
THEREFORE, it is
ORDERED that Respondent's motion for summary judgment is granted, and
ORDERED that the proceeding is dismissed.
This constitutes the decision and order of the court. Clerk to upload to NYSCEF.
Dated: January 22, 2025
New York, New York
Hon. Adam R. Meyers
Judge, Housing Court

Footnotes

Footnote 1: While the pleadings were not re-annexed as exhibits to Respondent's motion, appropriate reference was made to the NYSCEF record under CPLR § 2214(c) and they have been reviewed and considered by the court in connection with this motion.