Munjal v Ziebke (2025 NY Slip Op 25144)

[*1]

Munjal v Ziebke

2025 NY Slip Op 25144

Decided on June 18, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 18, 2025
Civil Court of the City of New York, New York County

Kevin Munjal, Petitioner,

against
Tamara Ziebke, John Doe, Jane Doe, Respondents.

Index No. L&T 315355/24

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP
Kew Gardens, NY
Attorneys for petitioner
Housing Conservation Coordinators
New York, NY
Attorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss, or, in effect in the alternative, for discovery, and petitioner's cross-motion to amend the petition:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #9-10)
Notice of Cross-Motion & All Documents Annexed 2 (NYSCEF #11-14)
Affirmation in Opposition & in Reply 3 (NYSCEF #15)
Sur-Reply Affirmation 4 (NYSCEF #17)
Upon the foregoing cited papers, the decision and order on respondent's motion and petitioner's cross-motion, consolidated for determination herein, is as follows.
PROCEDURAL HISTORY
This summary holdover proceeding based upon a 90-day notice of termination was filed on August 29, 2024. Counsel for respondent appeared in February 2025 and moved to dismiss, or in the alternative, for discovery. Thereafter, petitioner made a cross-motion to amend the [*2]petition and opposed respondent's motion. Following further briefing, this court heard argument on the motions on June 16, 2025.
DISCUSSION/CONCLUSION
Respondent seeks dismissal on the basis that the petition fails to properly plead the Good Cause Eviction Law (GCEL) status of the subject premises. Petitioner opposes the motion and seeks amendment of the petition to cure any defect. 
By way of background, the GCEL became law on April 20, 2024 (see QN St. Albans Holdings LLC v Sands, 85 Misc 3d 275, 277 [Civ Ct, Queens County 2024] [citing L 2024, ch 56, § 1, part HH]). As is relevant here, Real Property Law (RPL) § 214 was promulgated as part of the GCEL. Under that statute, all housing accommodations are covered by the GCEL except those specifically enumerated therein. Real Property Law § 214(1) creates an exception for:
"[P]remises owned by a small landlord provided than in connection with any eviction proceeding in which the landlord claims an exemption from the provisions of this article on the basis of being a small landlord, such landlord shall provide to the tenant or tenants subject to the proceeding the name of each natural person who owns or is a beneficial owner of, directly or indirectly, in whole or in part, the housing accommodation at issue in the proceeding, the number of units owned, jointly or separately, by each such natural person owner, and the address of such units, excluding each natural person owner's principal residence[.]"
Real Property Law § 211(3)(a) defines "small landlord" as a landlord of no more than ten units in the state, unless a different number of units is applicable under a local law outside of New York City (cross-referencing to RPL § 213(b)). Under RPL § 211(3)(b), a single natural person landlord qualifies as a "small landlord" if they "own or are a beneficial owner of, directly or indirectly, in whole or in part, no more than" ten units.
In addition, Real Property Actions and Proceedings Law (RPAPL) § 741(5-b) was added as part of the GCEL amendments. Under RPAPL § 741(5-b), a petition must "append or incorporate the information required by [RPL § 214(1)]" if an exemption from the GCEL pursuant to RPL § 214(1) is claimed. The requirements contained in RPAPL § 741(5-b) became effective on August 18, 2024 (see 1303 Needham Realty LLC v Brown, 2025 NY Slip Op 25028, *2 [Civ Ct, Bronx County 2025] [citing L 2024, ch 56, [§ 1], part HH, § 7]). As this proceeding was commenced after August 18, 2024, RPAPL § 741(5-b) is applicable thereto.
It is undisputed that the original petition did not make any allegations regarding the information required by RPAPL § 741(5-b), notwithstanding the fact that petitioner appended a "Notice to Tenant of Applicability or Inapplicability of the New York State Good Cause Eviction Law" to the petition, which checks the box for the "small landlord" exemption to the GCEL.
Petitioner attempts to remedy this defect in its cross-motion to amend. The proposed amended petition states, in Paragraph 11, "[t]he premises are exempt from RPL article 6A[]because [the] Unit is owned by a 'small landlord,' as defined in subdivision 3 of section 211 of the Real Property Law, who owns no more than 10 units for small landlords located in New York City or the number of units established as the maximum Amount a 'small landlord' can own in the state by a local low of a village, town, or city, other than New York City." This statement is conclusory and does not include the specific information that an individual "small landlord" must provide to tenants pursuant to RPL § 214(1) and RPAPL § 741(5-b), namely: (1) the name [*3]of each person who owns or is a beneficial owner of, directly or indirectly, in whole or in part, the housing accommodation; (2) the number of units owned, jointly or separately, by each such person in the state of New York; and (3) the address of such units, except each person owner's principal residence. The requirement that this information be pleaded in the petition via the amendment of RPAPL § 741 clearly indicates that the legislature created a prima facie obligation on any petitioner claiming the "small landlord" exemption in a summary eviction proceeding (see Matter of M.B., 6 NY3d 437, 447 [2006] [Statutory text "is the clearest indicator of legislative purpose."]; 1646 Union, LLC v Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2 [App Term, 2d Dept 2019] [All elements of a petitioner's cause of action must be made out to obtain relief in a summary eviction proceeding brought under RPAPL Article 7]).
Petitioner attempts to address the missing information in a "sur-reply" affirmation, which is effectively a reply to the cross-motion to amend. The affirmation, which is only based on petitioner's attorney's information and belief, states that petitioner and his wife, Iona Munjal, own the premises and neither has an interest in other "rental units" in New York State. However, petitioner does not even purport to modify its proposed amended petition to include this information, which is not corroborated. Thus, the court does not find that the "sur-reply" amplifies petitioner's cross-motion in any material manner.[FN1]

Ultimately, proper pleading of the "small landlord" exemption from the GCEL is a component of petitioner's obligation to correctly state the regulatory status of the subject premises in the petition. This duty is well established (see 546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 11 [1st Dept 2007]; Volunteers of Am.-Greater NY, Inc. v Almonte, 17 Misc 3d 57, 59 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], affd 65 AD3d 1155 [2d Dept 2009] [The regulatory status "may determine the scope of the tenant's rights[.]"]; 2363 ACP Pineapple, LLC v Iris House, Inc., 43 Misc 3d 136[A], 2014 NY Slip Op 50692[U], *1 [App Term, 1st Dept 2014]). While passed relatively recently, the GCEL has a significant regulatory impact on housing in New York (see 1719 Gates LLC v Torres, 85 Misc 3d 906, 907 [Civ Ct, Queens County 2024] ["Primarily codified in the newly-enacted article 6-A of the Real Property Law, GCEL offers significant new eviction protections to tenants in covered dwellings, including most residential housing accommodations built before 2009 where the landlord owns, either directly or indirectly, more than 10 units of housing within New York State[.]"]; see also Emerald Lofts LLC. v Echevarria, 2025 NY Slip Op 25131, *2 [Civ Ct, Kings County 2025] ["GCEL, subject to certain exceptions, limits landlords from recovering possession of certain categories of apartments or housing accommodations except for good cause as defined by [RPL § 216].").
Accordingly, as the petition contains material omissions as to the rent regulatory status of the subject premises and fails to comport with RPAPL § 741(5-b), it is defective as a matter of law. Since petitioner's proposed amendment is conclusory and does not supply the specific information required by RPAPL § 741(5-b), the cross-motion to amend is denied as lacking in merit (see Badesch v. Fort 710 Assoc., L.P. 233 AD3d 604, 604 [1st Dept 2024]). Respondent's motion to dismiss is granted upon the court's holding that the petition is defective (see 433 West Assocs. v Murdock, 276 AD2d 360, 360-361 [1st Dept 2000] [Pleading proper regulatory status is an "essential element" of a landlord's prima facie case]; Henry v Kingsberry, 66 Misc 143[A], [*4]2020 NY Slip Op 50175[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). The alternative request for discovery is denied as moot. The clerk shall issue a judgment dismissing the petition (see CPLR § 411).
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: June 18, 2025
New York, New York
HON. CLINTON J. GUTHRIE
J.H.C.

Footnotes

Footnote 1:Moreover, reply papers may not serve to remedy a defect in a motion (see Schulte Roth & Zabel, LLP v Kassover, 28 AD3d 404, 405 [1st Dept 2006]).