■ CITY OF NEW YORK, Appellant, v DIANA VALERA, Respondent. CITY OF NEW YORK, Appellant, v PAULA HARMON, Respondent. [628 NYS2d 695] —Orders of the Appellate Term of the Supreme Court, First Department (Miller, J. P., McCooe and Glen, JJ.), entered October 29, 1993, unanimously affirming orders of Civil Court, New York County (Howard Malatzky, J.), respectively entered January 29 and February 16, 1993, which dismissed holdover proceedings on motions by tenants Valera and Harmon, unanimously reversed, on the law, without costs, the tenants' motions are denied and the respective petitions are reinstated.

Respondents are each month-to-month tenants in City-owned housing in Manhattan. In 1992, 30-day notices of termination were served upon each respondent, alleging that their premises were being used for illegal drug transactions and loitering, which constituted a threat to the safety and well-being of other occupants of the buildings. In addition, the notice to Valera alleged that her apartment was being used for prostitution, and the notice to Harmon alleged that other occupants of her building were being harassed by nontenants she had permitted to enter.

After commencement of these holdover proceedings, Civil Court, in separate orders, granted respondents' motions to dismiss for lack of "factual specificity or particularity" in the grounds given for termination, namely, the absence of any allegations as to date or time of the illegal activities. Appellate Term affirmed both orders essentially for the reasons stated at Civil Court.

Civil Court held that unlike a normal termination of monthly tenancy, which need not state a precise reason, a governmental landlord must state the reason with specificity, and that the allegations herein were much too broad to meet that standard. We disagree. A summary holdover petition need only state

"facts upon which the special proceeding is based" (RPAPL 741 [4]), so as to inform the tenant of the factual and legal claims that must be met, thus enabling the tenant to interpose any available defenses (*MSG Pomp Corp. v Doe*, 185 AD2d 798, 800). Granted, a governmental landlord must notify a tenant of the alleged cause for termination (*512 E. 11th St. HDFC v Grimmet*, 181 AD2d 488, 489, *appeal dismissed* 80 NY2d 892). However, no New York court at this appellate level has ever mandated that this requires an allegation of specific date or time of the tenant's misconduct.

We hold that the allegations herein more than adequately met any due process requirements for notice at this stage of proceedings. Any further information necessary for preparation of a defense can be acquired through a bill of particulars. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.