OPINION OF THE COURT
Per Curiam.
Order entered March 30, 1999 reversed, with $10 costs, tenant’s motion for summary judgment is denied, and the holdover petition is reinstated.
Tenant operates a restaurant and bar at a storefront on Prince Street in Manhattan. Following numerous complaints from neighbors regarding the noise level at the restaurant, landlord retained a professional sound engineer to ascertain the noise level, which he found to be unreasonable. A proceeding was commenced before the Environmental Control Board and, after an inspection, a violation was issued against the tenant based upon the noise condition. Upon learning of the violation, landlord served a notice to cure alleging that tenant had breached specific lease provisions by creating “unreasonable and unlawful levels of noise in the apartment above the referenced premises,” which caused a notice of violation for excessive noise to have been served.* Civil Court summarily dismissed the ensuing holdover petition upon the ground that landlord’s notice gave no specific dates or times of the alleged violation and because the referenced violation was not annexed.
We conclude that landlord’s notice was not impermissibly vague and sufficiently informed tenant of the conduct complained of so that tenant could cure, or diligently commence curing, the offending condition (SAAB Enters. v Bell, 198 AD2d 342; Perle v Ross, 150 Misc 2d 20). “The purpose of a notice to cure is to specifically apprise the tenant of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default is not cured within a set period of time” (Filmtrucks, Inc. v Express Indus. & Term. Corp., 127 AD2d 509, 510). The standard for determining if a preliminary notice is sufficient “is one of reasonableness in view of the attendant circumstances” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 17). That standard was satisfied in the notice under review. The absence of any date or time of the al *612 leged violation did not disqualify the notice, since such information may readily be obtained through a bill of particulars which the tenant requested (City of New York v Valera, 216 AD2d 237, 238).
Landlord’s inadvertent omission to attach a copy of the notice of violation was not prejudicial where, as here, tenant admits receipt of the violation prior to service of the notice to cure which was the basis for the proceeding.
We have considered tenant’s alternate ground for dismissal and find it to be without merit. The petition was not served more than 12 days prior to the return date (RPAPL 733), since service was not complete until February 2, 2000 and the petition was noticed for February 14.
McCooe, J. P., Davis and Suarez, JJ., concur.

 The notice to cure alleged that the notice of violation was attached thereto when, in fact, it was not.