OPINION OF THE COURT
Per Curiam.
Final judgment, entered May 10, 2004, affirmed, with $25 costs.
There is ample record evidence to sustain the trial court’s express factual findings that tenant committed a nuisance (see 9 NYCRR 2524.3 [b]) by engaging over a period of years in an “escalating pattern” of “hostile” and “disturbing” behavior, manifested primarily through her recurrent conduct in banging on her apartment ceiling throughout the night and yelling epithets at and otherwise “hold[ing] dominion over the lives of whomever occupies” the apartment directly above her apartment. While the court acknowledged its sympathy for the tenant and her childhood “privations,” it also recognized that the tenant’s “vicious” and “vitriol[ic]” behavior placed an intolerable burden on other building tenants and appropriately balanced the rights of those tenants in awarding landlord a possessory judgment (see Frank v Park Summit Realty Corp., 175 AD2d 33 [1991], mod on other grounds 79 NY2d 789 [1991]). The concerns raised by the dissent over the appointment of a guardian or the development of some (unspecified) “[alternative treatment” plan for the tenant were not raised by tenant or her counsel either below or on appeal, and there is simply no basis in the existing record to conclude that any such course of action, even if warranted, would remedy the long-standing, acute problems posed by tenant’s aggressive, antisocial behavior (see Stratton Coop, v Fener, 211 AD2d 559 [1995]).
Also unavailing is the tenant’s jurisdictional argument. The termination notice utilized by landlord — alleging, inter alia, that “at various times of the day and night” tenant had “create[d] loud banging noises, yell[ed], verbal[ly] harass[ed], and *28 intimidat[ed] . . . other persons in the building” — set forth sufficient facts to enable tenant to prepare a defense and adequately described the conduct which formed the basis for the lease termination (see City of New York v Valera, 216 AD2d 237 [1995]; D.K. Prop, v Mekong Rest. Corp., 187 Misc 2d 610 [2001]). The recitation of more specific information concerning the nature, dates, and times of the tenant’s misconduct was not a jurisdictional prerequisite, but was more properly the subject of a bill of particulars (see City of New York v Valera, 216 AD2d at 238), which, we note, was in fact served by tenant and responded to in detail by landlord.
We have considered tenant’s remaining arguments and find them lacking in merit.