■ In the Matter of Volunteers of America-Greater New York, Inc., Appellant, v Manuel Almonte, Respondent, et al., Respondent. [886 NYS2d 46]—

In a holdover proceeding, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated October 5, 2007, which reversed a judgment of the Civil Court of the City of New York, Kings County (Jiminez, J.), entered May 26, 2006, which, after a nonjury trial, was in favor of the petitioner, inter alia, awarding it possession of the subject premises, and thereupon denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The City of New York owns the building in which the subject premises are located. The Department of Homeless Services (hereinafter the DHS) operates the building as a single room occupancy (hereinafter SRO) facility, providing SRO units to 174 homeless adults. The DHS has designated 53 of the units for persons with a history of mental illness. The tenant of the subject premises (hereinafter the tenant), who has been classified as "persistently mentally ill," has resided at the subject premises for over 10 years.

In May 2004, the DHS contracted with the petitioner to operate the building and provide its residents with support services "to foster [each resident's] ability to live independently in permanent housing." The contract between the DHS and the petitioner designates, among other things, the amount of rent each tenant will pay, when the petitioner is to collect the rent, and how the petitioner is to spend the collected rents. The contract also provides that the petitioner is responsible for "using, and renewing annually, the DHS approved Tenant Lease." The contract also provides that the petitioner is responsible for evicting tenants "that cause serious infractions against the State and City Housing laws and regulations and the DHS approved Tenant Lease."

In September 2005, the petitioner commenced this proceeding

to evict the tenant from the subject premises. The petitioner alleged that it was the landlord of the building in which the subject premises were located, a "multiple dwelling" not subject to rent stabilization because it was operated exclusively for charitable purposes on a not-for-profit basis. The petitioner also alleged that the tenant entered into possession of the subject premises pursuant to an oral lease agreement, and remained in possession after the expiration of that agreement as a month-to-month tenant. The petitioner did not allege that the building was owned by the City, the existence of the contract between the DHS and the petitioner, or a cause for eviction other than the expiration of the tenancy.

The tenant's attorney was unaware of the existence of the contract between the DHS and the petitioner until the instant litigation was well underway. Upon learning of that contract, the tenant's attorney objected to the sufficiency of the petition. However, after a nonjury trial, the Civil Court of the City of New York, Kings County, determining, among other things, that the petition was sufficient, awarded the petitioner a final judgment of possession.

The tenant appealed to the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts. On appeal, the Appellate Term reversed the judgment, denied the petition, and dismissed the proceeding (*see Volunteers of Am.-Greater N.Y., Inc. v Almonte,* 17 Misc 3d 57, 58-59 [2007]). We affirm.

We agree with the Appellate Term that, pursuant to RPAPL 741, in the petition the petitioner was required to allege the existence of the contract between the DHS and the petitioner, because without that allegation, the Civil Court and the tenant would be unaware that the City owned the building in which the subject premises were located, that the DHS operated that building as a SRO facility, and that the DHS contracted with the petitioner to handle the building's daily operations. The contract provided the tenant with certain potential defenses, and the Civil Court could not have properly adjudicated this proceeding without that contract (*see Villas of Forest Hills v Lumberger,* 128 AD2d 701, 702 [1987]; *see also City of New York v Valera,* 216 AD2d 237, 237-238 [1995]; *MSG Pomp Corp. v Doe,* 185 AD2d 798, 799-800 [1992]).

We also agree with the Appellate Term that the petition should have been denied because the petitioner failed to allege a cause for the tenant's removal from the subject premises other than the expiration of the tenancy. As evidenced by the contract between the DHS and the petitioner, the City is sufficiently entwined with the subject premises so as to constitute signifi-

cant and meaningful governmental participation, triggering constitutional due process guarantees (*see Matter of Fuller v Urstadt,* 28 NY2d 315, 318-319 [1971]; *512 E. 11th St. HDFC v Grimmet,* 181 AD2d 488, 489 [1992]; *Matter of Vinson v Greenburgh Hous. Auth.,* 29 AD2d 338, 340-345 [1968], *affd* 27 NY2d 675 [1970]; *Hudsonview Terrace v Maury,* 100 Misc 2d 331, 332-333 [1979]; *cf. City of New York v Valera,* 216 AD2d at 238; *Matter of Bradley v Motor Veh. Acc. Indem. Corp.,* 57 AD2d 894, 894-895 [1977]). One of those guarantees is that a tenant is entitled to notice of the alleged cause for eviction, which must be more than mere expiration of the tenancy (*see 512 E. 11th Street HDFC v Grimmet,* 181 AD2d at 489). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.