First Avenue Properties, Petitioner-Landlord-Appellant,
against
Alma McLaughlin, Respondent-Tenant-Respondent, and "John Doe/Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County, dated December 11, 2015 (Michael L. Weisberg, J), which denied its motion for discovery and granted tenant's cross motion to dismiss the petition in a holdover summary proceeding.




Per Curiam.
Order (Michael L. Weisberg, J.), dated December 11, 2015, insofar as appealed from, reversed, with $10 costs, tenant's cross motion denied, petition reinstated, and matter remanded to Civil Court for further proceedings.
Tenant's cross motion to dismiss this nonprimary residence holdover proceeding, premised upon claimed inadequacies in the combined notice of lease nonrenewal and termination, should have been denied. The notice alleged, inter alia, that tenant did not reside at the subject premises for at least 183 days within the past year, that the building management had not observed tenant at the subject apartment building for an extensive period of time and that tenant permanently relocated to the island nation of Jamaica. The notice thus set forth case-specific allegations tending to support landlord's nonprimary residence claim, and was sufficient to satisfy the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2(b) and governing precedent (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]; Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv denied 90 NY2d 829 [1997]). Tenant does not set forth any material allegations within landlord's knowledge that it failed to include in the notice (see Hughes, 226 AD2d at 18). Nor does tenant allege that she was misled as to the nature of this proceeding or was prejudiced in responding to the landlord's petition (see Avon Bard Co. v Aquarian Found., 260 AD2d 207, 210 [1999], appeal dismissed 93 NY2d 998 [1999]; see also City of New York v Valera, 216 AD2d 237 [1995]).
In reinstating the petition, we do not pass upon landlord's application for discovery, an issue not reached below. Our disposition is without prejudice to landlord's right to renew its application for such relief in Civil Court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 18, 2016