206 West 121st Street HDFC, Petitioner-Landlord-Appellant, -
against
Shirley Jones, Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated April 8, 2016, which granted tenant's motion to dismiss the petition in a holdover summary proceeding and denied landlord's cross motion, in effect, to reargue a prior order (same court and Judge) which denied landlord's motion to dismiss tenant's second defense and for interim use and occupancy.




Per Curiam.
Order (Jack Stoller, J.), dated April 8, 2016, insofar as appealable, reversed, with $10 costs, tenant's motion to dismiss the petition denied, and the petition reinstated.
Tenant's motion to dismiss the underlying holdover proceeding should have been denied. Landlord was not required to serve a notice of termination, either under the provisions of the lease or pursuant to Real Property Law § 232-a, since the fixed term of the lease expired and the tenancy was unregulated (see Adams v City of Cohoes, 127 NY 175, 182-183 [1891]; Yettaben Realty, LLC v Hae Sook Nam, NYLJ, December 8, 1999, at 26, col 1 [App Term, 1st Dept 1999]; 2 Dolan, Rasch's Landlord and Tenant—-Summary Proceedings § 30:15 [4th ed 1998]). There is no indication that any month-to-month tenancy was ever created and landlord commenced the proceeding promptly upon expiration of the lease. 
In addition, the holdover petition alleged a cause for eviction other than the mere expiration of tenant's lease (see Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 17 Misc 3d 57 [2007], affd 65 AD3d 1155, 1157-1158 [2009]; 80 St. Nicholas Ave. HDFC v Lewis, 24 Misc 3d 134[A], 2009 NY Slip Op 51473[U] [App Term, 1st Dept 2009]; Hudsonview Terrace v Maury, 100 Misc 2d 331, 333 [App Term, 1st Dept 1979]; see generally 512 E. 11th St. HDFC v Grimmet, 181 AD2d 488, 489 [1992], appeal dismissed 80 NY2d 892 [1992]) - i.e., that tenant engaged in numerous acts of specified objectionable conduct. Thus, the due process requirement for notice at this stage of the proceeding was satisfied.
The portion of the underlying order denying reargument of landlord's prior motion is not appealable.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 22, 2016