157 Broadway Associates, LLC, Petitioner-Landlord- Appellant, -
against
Migdalia Berroa, Respondent-Tenant-Respondent, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.), dated June 28, 2018, which granted tenant's motion to dismiss the petition and denied landlord's cross motion to dismiss tenant's affirmative defenses in a holdover summary proceeding.




Per Curiam.
Order (Evon M. Asforis, J.), dated June 28, 2018, affirmed, with $10 costs.
In evaluating the facial sufficiency of a predicate notice in a summary eviction proceeding, the appropriate test is one of reasonableness in view of the attendant circumstances (see Oxford Towers Co., LLC v Leites, 41 AD3d 144 [2007]). Measured against the test of reasonableness, the underlying notice of termination, which broadly alleges that tenant was committing a nuisance by operating a commercial bakery out of her stabilized apartment, while also renting rooms to a succession of boarders, was facially insufficient to serve as a predicate to this holdover proceeding.
With respect to the nuisance allegations, the notice alleged that tenant was "illegally and clandestinely operating a commercial bakery out of the premises," and that during a December 2016 inspection of the premises, landlord observed unspecified "commercial grade baking appliances and equipment," and unparticularized "substantial quantities of food and garbage." The notice further alleged, without any supporting facts, that "the living room area being used as a 'supply closet' for the commercial bakery and not for dwelling purposes." These broad, unparticularized allegations were too generic and conclusory to describe a nuisance in violation of RSC § 2524.3(b), i.e., "a recurring or continuing pattern of objectionable conduct threatening the comfort and safety of others" (Domen Holding Co. v Aranovich, 1 NY3d 117, 124-125 [2003]), with sufficient detail to have allowed tenant to prepare a defense (see 69 E.M. LLC v Mejia, 49 Misc 3d 152[A], 2015 NY Slip Op 51765[U] [App Term, 1st Dept 2015]; cf. City of [*2]New York v Valera, 216 AD2d 237 [1995]) or otherwise satisfy the specificity requirements of RSC § 2524.2(b). 
Similarly, landlord's alternate ground for eviction set forth in the notice, based on conclusory and speculative allegations that tenant "illegally rented individual rooms," lacked case-specific or concrete facts to support landlord's claim that tenant was utilizing the apartment for short-term rentals in violation of law (see 128 Second Realty LLC v Dobrowolski, 51 Misc 3d 147[A], 2016 NY Slip Op 50772[U] [App Term, 1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 28, 2018