Ladan Realty Corp. v Kercy (2024 NY Slip Op 51326(U))

[*1]

Ladan Realty Corp. v Kercy

2024 NY Slip Op 51326(U)

Decided on September 24, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

70125/24

Ladan Realty Corp., Petitioner-Landlord-Appellant,
against
Michelle Kercy, Respondent-Tenant-Respondent.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Vijay M. Kitson, J.), entered February 26, 2024, which, upon an order granting tenant's cross motion for summary judgment, dismissed the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Vijay M. Kitson, J.), entered February 26, 2024, reversed, with $30 costs, tenant's cross motion for summary judgment denied, petition reinstated and the matter remanded to Civil Court for further proceedings.
Tenant's cross motion for summary judgment dismissing this nonprimary residence holdover proceeding, premised upon claimed deficiencies in the notice of lease nonrenewal, should have been denied. The notice alleged, inter alia, that tenant failed to maintain an "ongoing, substantial, physical nexus with the... [rent stabilized] premises for actual living purposes"; that she failed to spend more than 183 days a year out of the preceding two years at the premises, as confirmed by landlord's agents or employees; that the condition of the subject apartment was such that it was "impossible for anyone to live there, due to extreme clutter," to wit, the "entire floor, furniture, chairs, tables, countertops from wall to wall in all rooms.. [was] covered from floor to several feet in height with piles of garbage, [and] debris; that it was nearly "impossible to access portions of the apartment," which appeared that no one had slept in for some time; and that when landlord spoke to tenant about whether she actually resided there, tenant "stated that [she] need[ed] the apartment for storage purposes and that [she] was staying with family members." The notice thus set forth case-specific allegations tending to support petitioner's nonprimary residence claim with sufficient detail to have allowed respondent to prepare a defense (see Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002], lv dismissed in part and denied in part 99 NY2d 573 [2003]; City of New York v Valera, 216 AD2d 237 [1995]), and otherwise satisfied the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2(b) and governing precedent (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]; Hughes v Lenox Hill Hosp., 226 AD2d 4, 17-18 [1996], lv denied 90 NY2d 829 [1997]). Nor does tenant allege that she was misled or confused as to the nature of this proceeding or was prejudiced in responding to the petition (see Avon Bard Co. v Aquarian [*2]Found., 260 AD2d 207, 210 [1999], appeal dismissed 93 NY2d 998 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2024