250 Houston Invs. LP v Collado (2025 NY Slip Op 50081(U))

[*1]

250 Houston Invs. LP v Collado

2025 NY Slip Op 50081(U)

Decided on January 27, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570584/24

250 Houston Investors LP, Petitioner-Landlord-Appellant, 
against
Luis M. Collado a/k/a Luis Collado and Lourdes Collado, Respondents-Tenants-Respondents, and Ella M. Zimbrick, "John Doe" and/or "Jane Doe," Respondents-Tenants.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Alberto M. Gonzalez, J.), dated July 15, 2024, which denied its motion for leave to conduct discovery and granted tenants' cross motion to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Alberto M. Gonzalez, J.), dated July 15, 2024, reversed, with $10 costs, tenants' cross motion denied, petition reinstated and the matter remanded to Civil Court for further proceedings.
Tenants' cross motion to dismiss this nonprimary residence holdover proceeding premised upon claimed deficiencies in the notice of lease nonrenewal, should have been denied. The notice alleged, among other things, that tenants have not maintained an "ongoing, substantial, physical nexus to the premises for actual living purposes"; that tenants actually and primarily reside at a residence located in the Dominican Republic where tenants spend eight to nine months out of each year, only returning to New York City occasionally; that one of the tenants uses a third specified address for banking, credit reporting, voting, and tax filing purposes; and that another specified individual, one Ella M. Zimbrick, has been residing in the subject apartment in tenants' "place and stead" since May 2023. The notice thus set forth case-specific allegations tending to support landlord's nonprimary residence claim with sufficient detail to have allowed respondent [*2]to prepare a defense (see Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002], lv dismissed in part and denied in part 99 NY2d 573 [2003]; City of New York v Valera, 216 AD2d 237 [1995]), and otherwise satisfied the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2(b) and governing precedent (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]; Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv denied 90 NY2d 829 [1997]).
In reinstating the petition, we do not pass upon landlord's application for discovery, an issue whose merits were not reached below. Our disposition is without prejudice to landlord's right to renew its application for such relief in Civil Court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 27, 2025