Prospero Hall LP v Paulino (2025 NY Slip Op 50082(U))

[*1]

Prospero Hall LP v Paulino

2025 NY Slip Op 50082(U)

Decided on January 27, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570585/24

Prospero Hall LP, Petitioner-Landlord-Respondent,
against
Stuart Paulino, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Tracy Ferdinand, J.), dated June 28, 2024, which denied his motion to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Tracy Ferdinand, J.), dated June 28, 2024, reversed, with $10 costs, tenant's motion granted and the petition dismissed.
We agree with tenant that the holdover petition must be dismissed because the predicate notice of termination served by landlord was defective. Paragraphs 10 and 22 of the governing lease agreement authorized landlord to terminate the tenancy if the apartment was utilized for an "unlawful or illegal purpose, dangerous trade or business," or if tenant engaged in "objectionable conduct which interferes with the rights of others to properly and peacefully enjoy their apartments." The notice served by landlord merely alleged that on March 7, 2023, at 3:45 p.m., tenant was involved in a "drug related police raid in which the police came into the building and arrested you, after breaking in your apartment door." 
Measured against the test of reasonableness in view of the attendant circumstances (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]), the notice was insufficient to serve as a predicate for this holdover proceeding, since it failed to set forth case-specific allegations tending to support landlord's breach of lease claim with sufficient detail to have allowed tenant to prepare a defense (see City of New York v Valera, 216 AD2d 237 [1995]). The sole, conclusory allegation concerning tenant's "drug related" arrest is not sufficient to support the claim that the subject premises were used to facilitate trade in drugs (see generally 855-79 LLC v Salas, 40 AD3d 553 [2007]; Matter of 88-09 Realty v Hill, 305 AD2d 409 [2003]; cf. Paul Robeson Houses Assoc., L.P. v Harris, 55 Misc 3d 144[A], 2017 NY Slip Op 50643[U][App Term, 1st Dept 2017]), or the claim that tenant engaged in a pattern of objectionable conduct that interferes with the rights of others in the building (see generally Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 27, 2025