3515 Eastchester Rd., LLC v Soto (2025 NY Slip Op 25209)

[*1]

3515 Eastchester Rd., LLC v Soto

2025 NY Slip Op 25209

Decided on September 16, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 16, 2025
Civil Court of the City of New York, Bronx County

3515 Eastchester Road, LLC, Petitioner-Landlord,

against
Erica Soto, Respondent-Tenant, LUIS LOPEZ, "JANE DOE," Undertenants-Occupants.

Index No. LT-341809-24/BX

Petitioner's Attorneys
Todd Rothenberg, Esq.
Boris Lepikh, Esq.
271 North Ave Ste 901
New Rochelle, NY 10801
(914) 235-7234
[email protected]
Respondent's Attorneys
Christopher James Natale, Esq.
Urban Justice Center — Safety Net Project
40 Rector Street, 9th Floor
New York, NY 10006
(646) 602-5654
[email protected]

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(A), of the papers considered in the review of Petitioner's Motion to Amend the Grounds under the Good Cause Eviction Law and Respondent Erica Soto's Cross-Motion for Summary Judgment, consolidated herein for disposition:
PAPERS NYSCEF DOC #
Petitioner's Notice of Motion 13
Petitioner's Attorney's Affirm in Support 14
Petitioner's Agent's Affirm in Support 15
Petitioner's Exhibits 1-2 16, 17
Respondent's Notice of Cross-Motion 19
Respondent's Attorney's Affirm in Opp to Motion/Support of Cross-Motion 20
Respondent's Affirm in Support 21
Petitioner's Attorney's Affirm in Opp to Cross-Motion 23
Respondent's Attorney's Reply Affirm 24
Upon the foregoing papers, and for the reasons stated below, Petitioner's motion is granted in part, Respondent's cross-motion is granted, and this proceeding is dismissed, without prejudice.
PROCEDURAL HISTORY & FACTUAL BACKGROUND
This is a residential holdover eviction proceeding commenced by Petition filed December 3, 2024 alleging that the apartment is not subject to rent regulation because it is in a building with less than six units; Respondent's tenancy was terminated effective November 30, 2024 by a 90-day notice; and the apartment is exempt from the provisions of the New York State Good Cause Eviction Law [GCEL], Real Property Law [RPL] Article 6A and RPL § 231-c, "because Respondents have an outstanding balance of unpaid rent/use and occupancy as of the date of this petition." Petition at ¶ 10. Attached to the Petition are the following:
• 90-day notice dated August 26, 2024, alleging as the grounds for termination, "no current lease is in effect".
• "Notice to Tenant of Applicability or Inapplicability of the [GCEL]" indicating that:
(1) the apartment is not subject to the GCEL; and
(2) the apartment is exempt from the GCEL because it is owned by a "small landlord" as defined in RPL § 211(3); and
(3) while the apartment is subject to the GCEL, there is good cause for nonrenewal of the lease because the tenant is violating a substantial obligation of their tenancy and failed to cure the violation after written 10-day notice constituting good cause for eviction under RPL § 216(1)(b).
• Affidavit of service of the termination notice.
The case was calendared in an Intake Part on February 5, 2025, then transferred to a Resolution Part and adjourned several times. Respondent retained counsel who filed an Answer raising three objections in point of law: (1) improper pleading of the GCEL's "small landlord" exemption; (2) failure to append to the termination notice the GCEL notice required by RPL § 231-c; and, the GCEL notice that Petitioner did provide, indicated non-renewal of the lease due to violation of a substantial obligation of the tenancy as grounds for eviction, without asserting facts or mentioning this in either the Petition or the termination notice; and (3) waiver of the right to proceed by filing a subsequent nonpayment eviction proceeding, LT-303555-25/BX. The Answer also raises breach of the warranty of habitability as an affirmative defense and counterclaim and a counterclaim for attorneys' fees. After unsuccessful settlement negotiations, the case was transferred to a Trial Part.
Petitioner now moves for an order "amending the grounds under the Good Cause Eviction Law," arguing that leave to amend a pleading or correct a mistake should be freely granted under CPLR § 3025(b) and/or CPLR § 2001. The proposed Amended Petition (Exhibit 1/NYSCEF Doc #15) seeks to amend paragraph 10 of the original Petition to substitute as the reason for exemption from the GCEL: "because Respondents have engaged in a nuisance and have refused the owner access to make repairs." Petitioner's counsel also seeks an order "deeming the petition amended, nunc pro tunc, to remove the checkmark from Paragraph 2(B) in Petitioner's filed Notice to Tenant of the Applicability of the [GCEL]". Affirm of Petitioner's Attorney at ¶ 2. 
Attached to the proposed Amended Petition is a revised "Notice to Tenant of Applicability or Inapplicability of the [GCEL]". In a supporting affirmation, Petitioner's agent refers to a "clerical error" in that, "the petition herein, specifically ¶ 2(B) of the Notice of the Applicability of the GCEL contained within the petition, inadvertently reflected the subject unit as exempt from the GCEL because the unit is owned by a 'small landlord'." Petitioner's agent goes on to describe "the ongoing nuisance created by Respondent" constituting good cause for eviction, specifically, "Respondent has created numerous leaks as a result of her improper use of a window placed AC unit has withheld access to us in order to make inspections and repairs [and has] stored motorcycles and motorcycle parts in the common areas of the building and the front of the building which restricts other tenants' ability to navigate through the common areas", Affirm of Petitioner's Agent at ¶¶ 7, 8, 9, 10, and asserts that this conduct "occurs year round and continues unabated", id. at ¶ 11.
Petitioner asserts that the proposed amendment is not prejudicial to Respondent and "merely goes to correct the inadvertent checkmark mistakenly reflecting Petitioner as exempt" from the GCEL, Affirm of Petitioner's Attorney at ¶ 15, and it seeks to correct this to reflect that the premises are subject to the GCEL and "to clarify that Petitioner is not renewing the lease because the tenant has engaged in a nuisance and Petitioner has a basis to maintain this proceeding under RPL § 216(1)", id. at ¶ 16. Petitioner argues that "voluminous case law" interpreting the application of the GCEL supports its request for leave to amend, citing to Doc Realty Mgmt Inc v Morales (85 Misc 3d 389, 227 NYS3d 843 [Civ Ct Qns Co 2024]); Emerald Green Phase II LP v Rivera (86 Misc 3d 1211[A], 232 NYS3d 919 [Civ Ct Kings Co 2025]); and 1372 Shakespeare Ave HDFC v Perez (LT-323487-24/BX, NYSCEF Doc #16 [Civ Ct Bx Co 4/7/25]).
Alternatively, Petitioner asks the court to permit the correction of its mistake or to disregard it under CPLR § 2001, again arguing that the Petitioner's "inadvertent clerical error did not and does not prejudice Respondent". Affirm of Petitioner's Attorney at ¶ 18.
Respondent opposes Petitioner's motion, pointing out that the GCEL's notice provisions under RPL § 231-c took effect August 18, 2024, before the date of the 90-day termination notice on which this proceeding is based, and Petitioner does not address this rule in its motion papers which instead only cite to the body of case law addressing amendment of pleadings. Respondent argues that "predicate notices, unlike pleadings, are not subject to amendment." Affirm of Respondent's Attorney at ¶ 20. Respondent also argues that Petitioner seeks to amend its [*2]pleadings "to incorporate an entirely new basis for the proceeding," id. at ¶ 26, the alleged nuisance behavior is not mentioned in the 90-day termination notice that was served over a year ago, and it would be prejudicial to allow the proposed amendment. While the original RPL § 231-c Notice cites nonrenewal of the lease because of the tenant's alleged violation of a substantial obligation of the tenancy as good cause for eviction, it does not indicate any details of the alleged violation or that the required written 10-day notice to cure was provided.
Respondent asserts that no RPL § 231-c Notice was attached to the termination notice she received, Respondent's Affirm at ¶ 3, and cross-moves for summary judgment and dismissal of this proceeding both for this reason and because the RPL § 231-c Notice attached to the Petition is defective on its face and unamendable. Respondent also denies the allegations in Petitioner's agent's affirmation regarding alleged nuisance behavior.
In opposition to Respondent's cross-motion Petitioner argues that there are material issues of fact; that the RPL § 231-c Notice was attached to the termination notice; while the RPL § 231-c Notice stated the incorrect grounds it was sufficient to put Respondent on notice that Petitioner had good cause to terminate her tenancy; nuisance is an authorized good cause ground for eviction; and Respondent's denial of the alleged nuisance conduct does not warrant granting her summary judgment.
In reply, Respondent argues that Petitioner raised no material issues of fact to rebut her assertion that no RPL § 231-c Notice was attached to the termination notice she received — pointing to the process server's affidavit of service of the termination notice which does not mention service of the RPL § 231-c Notice - and, even if there is a question of fact on this issue, Petitioner concedes the notice was defective as it is now trying to amend it.
DISCUSSION
Good Cause Eviction Law
Article 6-A of the New York State Real Property Law, L 2024, ch 56, § 7 (Part HH), known as The Good Cause Eviction Law (GCEL), was enacted in 2024, with an effective date of April 20, 2024 for some of its provisions and an effective date 120 days later — August 18, 2024 - for others. The GCEL has been described as "the most comprehensive expansion of rent regulation in New York in half a century", offering "significant new eviction protections to tenants in covered dwellings, including most residential housing accommodations built before 2009 where the landlord owns, either directly or indirectly, more than 10 units of housing within New York State" and providing that a "GCEL-protected tenant can no longer be evicted in a no grounds holdover and can only be removed from possession based on one of the good cause grounds enumerated in RPL 216 (1) (a) - (j) 'upon order of a court of competent jurisdiction entered in an appropriate judicial action or proceeding' (Real Property Law §216 [1])." 1719 Gates LLC v Torres (85 Misc 3d 906, 907, 222 NYS3d 366, 368 [Civ Ct Qns Co 2024]).
The GCEL prohibits landlords from recovering possession of covered housing accommodations except for good cause, RPL §§ 215, 216, and lists ten grounds constituting good case for eviction, summarized as follows: (a) tenant's failure to pay rent due and owing; (b) tenant's violation of a substantial obligation of the tenancy or breach of the landlord's rules and regulations, and failure to cure within ten days after written notice; (c) tenant' creation of a [*3]nuisance; (d) tenant's occupancy is in violation of law for which the landlord is subject to civil or criminal penalties; (e) tenant's use of the premises for an illegal purpose; (f) tenant's unreasonable refusal to provide access to the landlord; (g) landlord seeking to recover possession for their own or specified family members' personal use; (h) landlord seeking to demolish the premises; (i) landlord seeking to remove the premises from the rental market; (j) tenant's failure to agree to reasonable changes to a lease at renewal, including reasonable rent increases as defined in the statute. RPL § 216(1)(a). The GCEL exempts certain types of housing accommodations from its coverage, including premises owned by a "small landlord", RPL § 214(1), as defined in RPL § 211(3)(a).
In RPL § 231-c the GCEL prescribes the text of a notice (the RPL § 231-c Notice) landlords must give tenants, to indicate the GCEL's applicability or inapplicability. The RPL § 231-c Notice must be appended to or incorporated into "any initial lease, renewal lease, notice required pursuant to [RPL § 226-c(1)(a)], notice required pursuant to [RPAPL § 711(2)], or petition pursuant to [RPAPL § 741]." See also RPAPL § 741(5a) and (5b). The RPL § 231-c Notice must state whether the premises are subject to or exempt from the GCEL; if the premises are exempt, why they are exempt; and if the premises are subject to the GCEL, the statutory good cause ground for eviction. 
Petitioner's Motion to Amend Petition
To the extent Petitioner's motion seeks to amend the Petition itself, the motion is granted. Under CPLR R 3025(b), leave to amend a pleading "shall be freely given" absent prejudice. Paragraph 10 of the Petition states: "The subject premises may be subject to the Good Cause Eviction (GCE) requirements under Article 6A of the New York State Real Property Law (RPL) and to RPL § 231-c, unless an exemption applies. An exemption exists because Respondents have an outstanding balance of unpaid rent/use and occupancy as of the date of this petition." The court will permit Petitioner to substitute its proposed new second sentence of paragraph 10 of the Petition: "An exemption exists because Respondents have engaged in a nuisance and have refused the owner access to make repairs."
However, to the extent Petitioner seeks to amend not just its Petition but also its RPL § 231-c Notice, which landlords are required to append to both their termination notices and their petitions [FN1]
- CPLR R 3025(b) does not apply; as discussed below, such amendment is not permitted. To begin with, this is a holdover proceeding based on a 90-day notice of termination stating simply that "no current lease is in effect". While Petitioner's termination notice does not cite to any provisions of the Real Property Law, it is evident that it was issued and served on Respondent pursuant to RPL § 232-a, entitled "Notice to terminate monthly tenancy or tenancy from month to month in the city of New York". The three possible time frames for notice under RPL § 232-a (30, 60 and 90 days) are found in RPL § 226-c(2), entitled "Notice of rent increase or non-renewal of residential tenancy". RPL § 226-c, in turn, was amended by the GCEL to mandate the additional notice required by RPL § 231-c.
Petitioner in its moving papers conflates the proposed amendment to the Petition at ¶ 10 with its additional proposed amendment to the RPL § 231-c Notice. Petitioner's attorney asserts that the proposed amendment "merely goes to correct the inadvertent checkmark mistakenly [*4]reflecting Petitioner as exempt" from the GCEL, Affirm of Petitioner's Attorney at ¶ 15. See also Affirm of Petitioner's Agent at ¶¶ 4 and 5 ("this was a mere typographical error"). However, in these statements Petitioner minimizes what it is asking the court to permit, and fails to highlight all the ways in which its proposed revised RPL § 231-c Notice differs from the original, as follows:
(1) the apartment is subject to the GCEL (with a checkmark after the word "YES" under item #1 of the Notice, instead of after the word "NO"); and
(2) the apartment is not exempt from the GCEL because it is owned by a "small landlord" as defined in RPL § 211(3)(checkmark removed from in front of item #2B of the Notice); and
(3) while the apartment is subject to the GCEL, there is good cause for nonrenewal of the lease not because of a violation of a substantial obligation of the tenancy after providing a 10-day notice to cure but because the tenant is (a) causing a nuisance, constituting good cause for eviction under RPL § 216(1)(c); AND (b) refusing the landlord access to the unit, constituting good cause for eviction under RPL § 216(1)(f)(with added checkmarks in front of items #3G and #3J of the Notice and checkmark removedfrom in front of item #3F).
In other words, Petitioner seeks not simply to remove the checkmark from item #2B on the RPL § 231-c Notice indicating that Petitioner had a GCEL exemption as a "small landlord", but also to amend that Notice to reflect that (1) the apartment is not exempt from the GCEL and that (2) Petitioner is not renewing Respondent's lease and has good cause to evict not because of the originally stated good cause grounds (substantial violation of the tenancy after providing a 10-day notice to cure) but because of Respondent's impermissible nuisance behavior and unreasonable refusal to permit Petitioner to have access to the apartment.
The issue presented by this case is whether Petitioner should be permitted now to amend its RPL § 231-c Notice, which the GCEL requires a landlord to attach to a 90-day termination notice under RPL §§ 226-c and 232-a. The cases cited by Petitioner are inapposite, as none of them address this issue:
• In Doc Realty Mgmt Inc v Morales (85 Misc 3d 389, 227 NYS3d 843 [Civ Ct Qns Co 2024]), a holdover proceeding commenced after the effective date of the GCEL based on a 90-day termination notice served before the effective date of the RPL § 231-c notice provisions, the court granted the tenant's motion to dismiss, noting that while the RPL § 231-c notice provisions were not in effect when the predicate notice was issued, the Petition itself failed to comply with the GCEL's notice requirements under RPAPL §§ 741(5-a) and (5-b), which did apply.
• In Emerald Green Phase II LP v Rivera (86 Misc 3d 1211[A], 232 NYS3d 919 [Civ Ct Kings Co 2025]), a licensee holdover proceeding commenced after the effective date of the GCEL based on a 10-day notice to vacate served before the effective date of the RPL § 231-c notice provisions, the court granted the landlord's cross-motion to amend the petition to add that the premises were exempt from the GCEL and denied the tenant's motion to dismiss for failure to comply with RPAPL §§ 741(5-a) and (5-b).
• In 1372 Shakespeare Ave HDFC v Perez (LT-323487-24/BX, NYSCEF Doc #16 [Civ Ct Bx Co 4/7/25], unreported dec), a nonpayment proceeding commenced after the [*5]effective date of the GCEL based on a 14-day rent demand served before the effective date of the RPL § 231-c notice provisions, the court granted the landlord's cross-motion to amend the petition to conform with GCEL pleading requirements and denied the tenant's motion to dismiss for failure to comply with RPAPL §§ 741(5-a) and (5-b).
Unlike those cases, here, the GCEL notice provisions of RPL § 231-c were in effect at the time Petitioner's termination notice was prepared (August 26, 2024) and served (August 29, 2024) and required the RPL § 231-c Notice to be appended to the termination notice. It is not necessary for this court to resolve the parties' disputes over whether the original RPL § 231-c Notice was or was not attached to Petitioner's termination notice [FN2]
or whether Petitioner was required but failed to serve a 10-day notice to cure in connection with its originally alleged good cause ground of violation of a substantial obligation of the tenancy. Assuming but not deciding that the RPL § 231-c Notice was attached, it is black-letter law that predicate termination notices are non-amendable. Chinatown Apts v Chu Cho Lam (51 NY2d 786, 787, 412 NE2d 1312, 433 NYS2d 86 [1980]). Just as the termination notice under RPL §§ 226-c and 232-a is non-amendable, it follows that also non-amendable is the new RPL § 231-c Notice, which must be appended to the termination notice to advise the tenant of the applicability or inapplicability of the Good Cause Eviction Law, and, where applicable, the reason permitted under that law for the landlord's nonrenewal of the lease. 
Compliance with the statutory prerequisites to a summary eviction proceeding, including service of an adequate predicate notice, constitute facts on which the proceeding is based and which a petitioner must plead and prove as part of its prima facie case. Second & E 82 Realty LLC v 82nd St Gily Corp (192 Misc 2d 55, 57, 745 NYS2d 371, 373 [Civ Ct NY Co 2002]), citing RPL § 232-a; RPAPL 741 [4]; and City of New York v Valera (216 AD2d 237, 238, 628 NYS2d 694 [1st Dep't 1995]). New York State courts evaluate the sufficiency of predicate notices based on a standard of reasonableness "in view of all attendant circumstances". Oxford Towers Co, LLC v Leites (41 AD3d 144, 837 NYS2d 131 [1st Dep't 2007]); Avon Bard Co v Aquarian Found (260 AD2d 207, 210, 688 NYS2d 514, 517 [1st Dep't], app dism'd, 93 NY2d 998, 717 NE2d 1080, 695 NYS2d 743 [1999]); Hughes v Lenox Hill Hospital (226 AD2d 4, 17, 651 NYS2d 418, 427 [1st Dep't 1996], app dism'd, 90 NY2d 829, 683 NE2d 17, 660 NYS2d 552 [1997]). The notice must provide sufficient information to meet the tests of reasonableness and due process. Jewish Theological Seminary of America v Fitzer (258 AD2d 337, 338, 685 NYS2d 215 [1st Dep't 1999]). 
Measured against this test, for example, a predicate notice in a holdover proceeding based on breach of lease will be found insufficient where, "it failed to set forth case-specific allegations tending to support landlord's breach of lease claim with sufficient detail to have allowed tenant to prepare a defense". Prospero Hall LP v Paulino (85 Misc 3d 126[A], 224 NYS3d 787 [App Term 1st Dep't 2025]), citing City of New York v Valera, supra. See also, e.g., 49 W 12 Tenants Corp v Seidenberg (6 AD3d 243, 244, 774 NYS2d 339, 340 [1st Dep't [*6]2004])(affirming lower court's dismissal of action to evict tenant shareholder in a residential cooperative building where letter notification of intention to terminate proprietary lease found to be defective); 50 W 112th St HDFC v Ali (2006 NYLJ LEXIS 1567 [Civ Ct NY Co 2006])(dismissing holdover proceeding "without prejudice to a new proceeding based on a notice of termination stating a good cause for respondent's eviction that satisfies the due process protection of the Fourteenth Amendment").
Petitioner now acknowledges that the GCEL applies to this tenancy, and that, under the GCEL, "No landlord shall, by action to evict or to recover possession remove any tenant from housing accommodations covered by [§ 214] of this article except for good cause as defined in [§ 216] of this article." RPL § 215. As noted recently by Housing Court Judge Meyers, "Because this statutory provision requires good cause for the act of non-renewal itself, § 226-c notices for units covered under GCEL must include factual allegations sufficient to satisfy the Hughes reasonableness standard." RP Wimbledon Owner, LLC v Chisholm (2025 NY Slip Op 25071, ¶ 2, 231 NYS3d 372, 376 [Civ Ct NY Co 2025]). Here, neither the RPL §§ 226-c and 232-a termination notice nor the original RPL § 231-c Notice identify what Petitioner now asserts to be the reason for its nonrenewal of Respondent's lease and the basis of this proceeding: alleged nuisance behavior and failure to provide the landlord reasonable access to the apartment. It is only the proposed amended RPL § 231-c Notice that raises these claims. However, the RPL § 231-c Notice is non-amendable and fails to meet "the appropriate standard for assessment of the adequacy of notice [which] is one of reasonableness in view of all attendant circumstances." Hughes v Lenox Hill Hosp (226 AD2d 4, 17, 651 NYS2d 418, 427 [1st Dep't 1996]). 
The proponent of a summary judgment motion under CPLR R 3212 must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact. Winegrad v New York Univ Med Center (64 NY2d 851, 476 NE2d 642, 487 NYS2d 316 [1985]); Zuckerman v New York (49 NY2d 557, 404 NE2d 718, 427 NYS2d 595 [1980]. Once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient. Alvarez v Prospect Hospital (68 NY2d 320, 324, 501 NE2d 572, 508 NYS2d 923, 925-926 [1986]); Zuckerman v New York (49 NY2d at 562, 427 NYS2d at 598).
While there may be disputes between the parties as to whether Respondent committed a nuisance or failed to provide reasonable access to Petitioner, it is not necessary to address those concerns at this juncture. Petitioner failed to serve a proper predicate termination notice that conforms to the requirements of RPL §§ 232-a, 226-c and 231-c, a condition precedent to maintaining this holdover eviction proceeding under RPAPL § 711(1), and is not permitted to amend that notice. Accordingly, the proceeding must be dismissed, without prejudice.
CONCLUSION
For the reasons stated above, it is hereby ORDERED that:
(1) Petitioner's motion is granted to the extent of permitting amendment of paragraph 10 of the Petition; AND
(2) Respondent's cross-motion is granted, and this proceeding is DISMISSED, without [*7]prejudice. This constitutes the Court's Decision and Order, which is being uploaded on NYSCEF.
Diane E. Lutwak, H. C. J.
Dated: September 16, 2025
Bronx, New York

Footnotes

Footnote 1:RPL § 231-c also requires landlords to append the notice to initial leases, renewal leases and rent demands.

Footnote 2:If the court were to hold a hearing on this issue and find in favor of Respondent the case would be dismissed; if the court were to find in favor of Petitioner, it would then have to address the question it is addressing now of whether Petitioner is permitted to amend the RPL § 231-c Notice nunc pro tunc.