**EQR-228 W. 71st LLC v Ford**

2025 NY Slip Op 34136(U)

November 6, 2025

Civil Court of the City of New York, New York County

Docket Number: Index No. LT-302801-25/NY

Judge: Tracy E. Ferdinand

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Civil Court of the City of New York
County of New York
Part: F    Room: 523
Date: September 30, 2025

Index #: **LT-302801-25/NY**
Motion Seq #: 1

## Decision/Order

EQR-228 WEST 71ST LLC,

              Petitioner(s)

    -against-

LASHAWN FORD,

              Respondent(s)

**Present:**  Tracy E. Ferdinand
                   Judge

Recitation, as required by CPLR 2219(A), of the papers considered in the review of this Motion:

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion and Affidavits Annexed | 1 [NYSCEF 11-16] |
| Order to Show Cause and Affidavits Annexed | |
| Notice of Cross-Motion, Answering Affidavit/Affirmations | |
| Answering Affidavits/Affirmation | 2 [NYSCEF 18] |
| Replying Affidavit/Affirmation | 3 [NYSCEF 19-20] |
| Stipulations | |
| Other | |

Upon the foregoing cited papers, the Decision/Order in this Motion is as follows:

## *RELEVANT FACTS AND PROCEDURAL HISTORY*

Petitioner commenced this holdover proceeding seeking possession of the premises known as 228 West 71st Street, New York, New York 10023 ("Building") in Apt 2E ("Apartment") on or around February 12, 2025. (*NYSCEF Docs. 1–6*). In Petitioner's predicate Six Day Notice of Termination ("Notice"), Petitioner alleged that the conduct alleged was in violation of Respondent's lease and constituted nuisance behavior. (*NYSCEF Doc. 3*).

Respondent thereafter retained counsel and interposed an answer alleging, *inter alia*, that Petitioner failed to state a cause of action as Petitioner failed to allege a basis for the proceeding pursuant to the Good Cause Eviction Law ("GCEL"). (*NYSCEF Docs. 9*).

Respondent thereafter filed a motion for summary judgment pursuant to CPLR § 3212, alleging that Petitioner failed to state a cause of action when, *inter alia*, it failed to mark the GCEL ground for the proceeding in its appended RPL § 231-c notice ("GCEL Notice"). (*NYSCEF Docs. 11-16, 19-20*). Petitioner opposed, arguing that because Respondent's this proceeding did not arise from "non-renewal of the lease" and rather is a termination based on the alleged conduct of Respondent, "good cause" was not "triggered in this proceeding" and thus whether the specific grounds was marked on the appended GCEL Notice is inconsequential. (*NYSCEF Docs. 18*).

## *DISCUSSION*

It is well established that to obtain summary judgment, "the movant [must] establish his cause of action of defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor, and he must do so by tender

of evidentiary proof in admissible form." (*Zuckerman v New York*, 49 NY2d 557, 562 [1980]). "Failure to make such a *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers." (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [emphasis added]).

After the passage of GCEL in April 2024 (L 2024, ch 56, §1, part HH), if a landlord is subject to the GCEL, a "GCEL-protected tenant can no longer be evicted in a no grounds holdover and can only be removed from possession based on one of the good cause grounds enumerated in RPL § 216(1)(a)-(j)." (*3515 Eastchester Rd., LLC v Soto*, 2025 NY Slip Op 25209, at *9 [BX Civ Ct, 2025]).

> "GCEL does not create new causes of action for the removal of a tenant in a summary eviction proceeding . . . . Instead, GCEL provides that a landlord can dispossess a covered tenant only "upon order of a court of competent jurisdiction entered in an appropriate judicial action or proceeding in which the petitioner or plaintiff has established one of the following grounds [enumerated in Real Property Law § 216] as good cause for removal or eviction." (*1719 Gates LLC v Torres*, 222 NYS3d 366, 370 [Queens Cnty, 2024]).

RPL § 215, entitled "Necessity for good cause", states:

> "No landlord shall, **by action to evict or to recover possession,** by exclusion from possession, by failure to renew any lease, or otherwise, remove any tenant from housing accommodations covered by section two hundred fourteen of this article except for good cause as defined in section two hundred sixteen of this article." (emphasis added).

RPL § 216(1), entitled "Grounds for removal of tenants" states, in relevant part:

> "No landlord shall remove a tenant from any housing accommodation covered by section two hundred fourteen of this article, or attempt such removal or exclusion from possession, **notwithstanding that the tenant has no written lease or that the lease or other rental agreement has expired or otherwise terminated,** except upon . . .[a] judicial action or proceeding in which the petitioner . . . has established one of the following grounds **as good cause for removal or eviction . . . ."** (emphasis added).

Thus, despite Petitioner's arguments to the contrary, whether Respondent has a "month-to-month" tenancy, Respondent's lease expired, or the grounds for the proceeding are based on whether Petitioner is renewing Respondent's lease are all irrelevant to the analysis of whether GCEL applies. If Respondent is a "tenant" (as defined in RPL § 211[4]) in a covered "housing accommodation" (as defined in RPL § 211[1]), then Petitioner must have one of the "good cause" grounds as enumerated in RPL § 216 as a basis for removal.

The legislature promulgated a specific GCEL Notice that "shall" be "append[ed] to" or "incorporate[d] into" eviction proceedings. (*See* RPL § 231-c). The primary purpose of the GCEL Notice is notify the "tenant" in a covered "housing accommodation" that the premises is subject to GCEL, and thus the tenant cannot be evicted unless one of the "good cause" grounds as enumerated in the statutory notice applies.

Here, in Petitioner's GCEL Notice that was incorporated into the petition, Petitioner acknowledges that the Apartment is subject to GCEL. (*NYSCEF Doc. 3*, at pgs. 5-8 at ¶ 1). However, Petitioner fails to "mark" the "applicable" good cause basis in its notice and instead leaves it blank. (*NYSCEF Doc. 3* at pgs. 5-8). Petitioner did not cross-move to amend its defective GCEL Notice.

[* 2]

Accordingly, as Petitioner did not mark the applicable "good cause" basis for the eviction proceeding in the statutorily required GCEL Notice, Respondent's motion for summary judgment is granted and the proceeding is dismissed.

This constitutes the Decision and Order of this Court.

Date: 11/6/2025

HON. TRACY FERDINAND
JUDGE, HOUSING COURT

_____
Judge, Civil/Housing Court

[* 3]